**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CRIMINAL ACTION NO. 17-2-DLB-HAI**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**v.**                              **<u>MEMORANDUM ORDER</u>**

**WILLIAM C. BROWN**                                                  **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon Defendant's Motion to Amend his Motion to Vacate pursuant to 28 U.S.C. § 2255. (Doc. # 50). For the reasons set forth below, Defendant's Motion is **denied**.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Defendant was sentenced on August 24, 2017 to 300 months in prison pursuant to a plea agreement, in which Defendant admitted to one count of Possession with Intent to Distribute More than 50 Grams of Methamphetamine and one count of Possession of a Firearm in Furtherance of Drug Trafficking. (Doc. # 42). On August 29, 2018, Defendant filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Doc. # 44). On September 24, 2018, Magistrate Judge Hanly A. Ingram issued a Report and Recommendation ("R&R"), wherein he recommended that Defendant's Motion be dismissed upon initial review. (Doc. # 46). As Defendant did not object to the R&R within the fourteen days prescribed by the Local Rules, this Court adopted the R&R in full on November 27, 2018 and issued a Judgment denying Defendant's Motion to

Vacate. (Docs. # 47 and 48). On December 28th, Defendant filed a Motion to Alter Judgment under Federal Rule of Civil Procedure 59(e). (Doc. # 49). The Court denied that Motion on April 9, 2019. (Doc. # 54).

Defendant submitted the instant Motion to Amend on March 7, 2019, in which he raised two arguments. First, Defendant argues that he is entitled to a reduced sentence under the recently-enacted First Step Act. (Doc. # 50 at 7). Second, Defendant argues that the district judge failed to engage in the required colloquy under 21 U.S.C. § 851 and therefore the Court lacked authority to impose an increased sentence based on Defendant's prior drug-trafficking conviction. *Id.* at 6. The United States filed a Response, in which it opposed Defendant's request for a sentence reduction under the First Step Act. (Doc. # 52). Defendant filed a Reply. (Doc. # 53). Thus, the Motion to Amend is ripe for the Court's review.[1] The Court will address Defendant's First Step Act claim in a separate Order. The Court now turns to Defendant's argument under 21 U.S.C. § 851.

## II. ANALYSIS

Because Defendant filed his Motion to Amend after this Court issued a judgment, the Court first considers whether Defendant's Motion to Amend is a second or successive habeas petition, which must be certified by the Sixth Circuit Court of Appeals. *See* 28 U.S.C. § 2255(h). Under *Clark v. United States*, a motion to amend is not a second or successive application for § 2255 relief until the adjudication of the § 2255 motion is "decisively complete," meaning that the defendant "exhausted [his] appellate remedies." 764 F.3d 653, 659-60 (6th Cir. 2014). Although Defendant moved to amend after this

---

[1] Since filing his reply memorandum in support of his Motion to Amend, Defendant has filed a letter, which the Court construes as a motion for extension of time. (Doc. # 55). His Motion to Amend having been fully briefed, Defendant's Motion for Extension of Time is **denied as moot**.

2

Court entered a judgment denying his § 2255 motion, the appeal period had not yet elapsed because Defendant's Motion to Alter Judgment under Rule 59 (Doc. # 49) remained pending. *See* Fed. R. App. P. 4(a)(4) (extending the appeal period up until "the entry of the order disposing of" a Rule 59 motion). As such, Defendant's Motion is not a second or successive § 2255 motion and is not subject to the successive-petition bar set forth by § 2255(h).

Having determined that Defendant's Motion to Amend is not a second or successive habeas petition, the question remains what standard governs the adjudication of Defendant's Motion. "When a party seeks to amend a complaint after an adverse judgment, it thus must shoulder a heavier burden than if the party sought to amend a complaint beforehand." *Clark*, 764 F.3d at 661 (internal quotation marks and brackets omitted). Consequently, Defendant's Motion to Amend is not decided under the liberal amendment regime set forth in Federal Rule of Civil Procedure 15; rather, Defendant "must meet the requirements for reopening a case" established by Rule 59. *Id.* Under Rule 59(e), a court may alter a judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Id.*

Defendant contends that the Court erred when it took into account his prior felony drug conviction in calculating his sentence. Specifically, Defendant alleges that the Court failed to engage in a colloquy under 21 U.S.C. § 851(b). That subsection provides:

> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction

which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

A review of the record indicates that the presiding judge did in fact engage in the required colloquy under § 851(b). After accepting Defendant's guilty plea at the plea hearing, then-District Court Judge Thapar asked Defendant if he understood that he had a prior qualifying conviction. (Doc. # 57 at 23:6-11). Furthermore, Judge Thapar made clear to Defendant that he had a right to demand a hearing in which the government would have to prove the existence of the prior conviction. *Id.* at 23:12-19.

Even if the Court had failed to follow the colloquy procedure as laid out in § 851(b), Defendant's argument is meritless because failure to engage in a § 851(b) colloquy is harmless "where a defendant neither filed the requisite response under § 851(c)(1) challenging the validity of his prior drug convictions, nor objected at sentencing to the use of these convictions" to trigger a higher sentence. *United States v. Walker*, 761 F. App'x 547, 552 (6th Cir. 2019) (internal quotation marks, brackets, and ellipses omitted).

Up until now, Defendant has never objected to the use of his prior drug trafficking convictions. Furthermore, there is no evidence that he "file[d] a written response to the [government's] information" contesting the use of the conviction, as 21 U.S.C. § 851(c) requires of defendants who wish to deny a prior conviction or assert that it is invalid. Therefore, any error by the district court as it related to the colloquy requirement was harmless. *Walker*, 761 F. App'x at 553. Because harmless error cannot constitute a basis for "vacating, modifying, or otherwise disturbing a judgment," Fed. R. Civ. P. 61, Defendant is unable to obtain relief under Rule 59(e). *See Alliant Tax Credit Fund 31-A, Ltd. v. Murphy*, 494 F. App'x 561, 568 (6th Cir. 2012). Accordingly,

4

**IT IS ORDERED** that Defendant's Motion to Amend (Doc. # 50) is hereby **denied**.

This 12th day of July, 2019.



Signed By:

*David L. Bunning*

United States District Judge

J:\DATA\ORDERS\Covington Criminal\2017\17-2 Order Adopting R&R re 2255.docx